

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

KERRY CHUBBUCK,

    Plaintiff

v.                             C.A. NO. _____

FIDELITY INVESTMENTS INSTITUTIONAL
SERVICES COMPANY, INC. &
FMR CORPORATION
    Defendants

## COMPLAINT

### INTRODUCTORY STATEMENT

This action is commenced by KERRY CHUBBUCK (hereinafter "Plaintiff" or "CHUBBUCK") against FIDELITY INVESTMENTS INSTITUTIONAL SERVICES COMPANY, INC. and FMR CORPORATION (hereinafter "Defendants" or "Company" or "Employer") in order to remedy and seek relief for the Defendants' unlawful and discriminatory employment practices, based on gender, and/or disability, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. Sections 12001 *et seq.*; the Rhode Island Fair Employment Practices Act, R.I.G.L. 28-5-1 *et seq.*, in addition to other federal state and common law claims.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to pertinent provisions of, *inter alia*, Sec. 107(a) of the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. Sec.12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 USC Sections 2000e-5(f)(1).

2.  Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case of controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to <u>inter alia</u>, 28 U.S.C. 1391 (b).

4.  On October 27, 2004, Chubbuck filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that she had been discriminated against on the basis of her gender and/or disability, and had been the victim of retaliation—RICHR # 05EMD 063-50/34; EEOC #: 16JA500017 (EXHIBIT A).

5.  The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of this action, in each of its counts, in state and/or federal court,

including, pursuant to her request, the receipt of Right To Sue authorization from pertinent state and federal agencies (EXHIBIT B, C).

## THE PARTIES

6. The Plaintiff, Kerry Chubbuck ("Chubbuck" or "Plaintiff"), an individual, is a resident and domiciliary of Pomfret, Connecticut.

7. On information and belief, the Defendants, Fidelity Investments Institutional Services Company, Inc. and FMR Corporation are foreign corporations authorized by appropriate state authority to conduct business in the State of Rhode Island, and maintaining offices and principle places of business at 82 Devonshire Street, F6B, Boston, MA 02109. The Plaintiff worked at the Defendants' place of business located at 100 Salem Street, Smithfield, Rhode Island 02917-1299.

8. On information and belief, the Defendants are sufficiently joined and intertwined in terms of ownership, corporate direction, financial matters, workplace policies and practices, and other indicia of common ownership and control to be determined to be a single employer or, in the alternative, joint employers for the purposes of all claims at issue in this action, and to be held jointly and severally liable.

9. At all times material to the allegations of this Complaint, the Defendants have continuously, and do now, employ at least 100 or more employees in the State of Rhode

Island, in their business of providing banking and financial services in Rhode Island and other states.

10.  At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of sec. 101(5) of the ADA, 42 U.S.C. Sec.12111(5), and Sec.107(a) of the ADA, 42 U.S.C. Sec.12117(a), which incorporates by reference Sections701(g) and (h) of Title VII;  and as those terms are applicable to pertinent provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sec.2000e et seq.

11.    At all times material to the allegations of this Complaint, the Defendants were and are an "employer" or otherwise a covered entity within the meaning of pertinent provisions of Sec. 101(2) of the ADA, 42 U.S.C. Sec.1211(2); and as applicable to pertinent provisions of Title VII.

12.    At all times material to the allegations of this Complaint, Chubbuck held the status of an "individual" within the meaning of pertinent provisions defining that term under the ADEA and Title VII; and qualified(ies) as a person with a disability under 42 U.S.C. 12112(a).

13.     At all times pertinent to the allegations of this Complaint, Chubbuck held the status of a person with a disability, as defined in Section 3(2) of the ADA, 42 U.S.C. 12102, and also pursuant to Rhode Island law, because she:

       a.     has a physical or emotional impairment that substantially limits one or more of her major life activities;

       b.     has a record of such an impairment; and/or

       c.     is and was regarded by the Defendants as having such an impairment.

14.     On information and belief, and at all times material to the allegations of this Complaint, managers and supervisors of the Defendants engaging in discriminatory and unlawful workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as an agent of the Defendants, and the Defendants knew or reasonably should have known of their unlawful conduct.

FACTS APPLICABLE TO EACH COUNT

15.     At the time of the filing of this Complaint, Chubbuck has been employed by Defendants for approximately 10 years.

16.     Chubbuck currently holds the position of Senior Service Associate.

17.     Chubbuck is a female.

18.   Until the incidents giving rise to this Complaint, Chubbuck had an excellent performance record.

19.   During or about November 2003, Chubbuck was assigned a new male supervisor.

20.   Since during or about January 2004, this male supervisor has treated Chubbuck in a disparate fashion by subjecting her to unfair and unwarranted disciplinary action and unfair scrutiny of work activity on the basis of her gender and because her Employers regarded her as having a physical impairment in reference to her weight and because she suffers from an emotional condition characterized by anxiety.

21.   Chubbuck's impairment(s) impact on various of her major life activities, including her ability to concentrate, her ability to sleep, her ability to think, her ability to exercise and perform daily tasks.

22.   Chubbuck's Employer was aware of her impairment(s).

23.   At all times, Chubbuck has been able to perform the essential functions of her job, with or without reasonable accommodation.

24.    Chubbuck has taken every reasonable step to resolve these issues through the internal remedial procedures, if any, made available by the Employers.

25.    Chubbuck's efforts have been to no avail, and no effective remedial action has been taken by the Employers.

26.    In response to her complaints, Chubbuck has been met with further retaliation by the Employer.

27.    Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on gender and/or disability status.

28.    The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against Chubbuck.    Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of Chubbuck.  The Defendants knowingly and purposefully subjected Chubbuck to humiliating discriminatory and unlawful treatment as a result of her gender and/or disability status.

29.    The wrongful actions by Defendants and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a

purposefully discriminatory and unlawful manner, and have caused Chubbuck humiliation, embarrassment, emotional and physical harm, and other damages.

COUNT I
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
R.I.G.L. SECTION 42-112-1

30. The allegations contained in Paragraphs 1-29 above are incorporated herein by reference in their entirety.

31. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

   a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender and/or disability status;

   b. treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender and/or disability status;

   c. causing her humiliation, physical and emotional injury, as well as harm to her personal and professional reputation.

32. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's gender and/or disability status. Such practices include, but are not limited to, Defendant's:

a.) subjecting plaintiff to discriminatory terms and conditions of
employment because of her gender and/or disability status; and

b.) retaliating against Plaintiff for asserting her rights to be free from
discrimination based on gender and/or disability status.

33.    But for the Defendants' intent to discriminate against Plaintiff because of
her gender and/or disability status, Defendants would not have subjected Plaintiff to
discriminatory terms and conditions of employment.

34.    The Defendants purposefully, maliciously, and without justification or
excuse, took discriminatory action with respect to Plaintiff's employment because of
Plaintiff's gender and/or disability status.   The Defendants' conduct has unlawfully
denied Plaintiff benefits, privileges, promotions, and other terms and conditions accruing
to the employment relationship to which she was entitled; has caused harm to her
reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants,
jointly and severally, and in favor of Plaintiff for all damages and equitable relief
available, as hereinafter requested.

COUNT II
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## AND RETALIATION BASED ON GENDER AND DISABILITY
## RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
## R.I.G.L. § 28-5-1 et seq.

35.     Paragraphs 1-29 above are herein incorporated by reference in their entirety.

36.     Defendants willfully engaged in a policy or practice of discriminating against the Plaintiff because of her gender and/or disability, and in maintaining discriminatory employment policies and practices, in violation of the RIFEPA.

37.     The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

   a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender and/or disability status;

   b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

   c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender and/or disability status;

   d.) causing her humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

38.    The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's gender and/or disability status. Such practices include, but are not limited to, Defendants':

a.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender and/or disability status;

b.) subjecting Plaintiff to discriminatory terms and conditions of employment.

39.    But for the Defendants' intent to discriminate against Plaintiff because of her gender and/or disability status, and subjected her to discriminatory terms and conditions of employment.

40.    The Defendants' conduct has unlawfully deprived Plaintiff the benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT III
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
AND RETALIATION BASED ON GENDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. §2002, ET SEQ.

41.     Paragraphs 1-29 above are herein incorporated by reference in their entirety.


42.     Defendants willfully engaged in a policy or practice of discriminating against the Plaintiff because of her gender, and in maintaining discriminatory employment policies and practices, in violation of Title VII.


43.     The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

   e.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

   f.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

   g.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

   h.) causing her humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

44.     The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's gender. Such practices include, but are not limited to, Defendants':

    c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender;

    d.) subjecting Plaintiff to discriminatory terms and conditions of employment.

44.     But for the Defendants' intent to discriminate against Plaintiff because of her gender, and subjected her to discriminatory terms and conditions of employment.

45.     The Defendants' conduct has unlawfully deprived Plaintiff the benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT IV
AMERICANS WITH DISABILITIES ACT
ADA-42 U.S.C. §12117
Discriminatory Terms and Conditions of Employment
Discriminatory Retaliation
Failure to Accommodate

46.     Paragraphs 1-29 are herein incorporated by reference in their entirety.

47.     At all times material to the allegations of the Complaint, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

48.     Despite her disability or impairment, Plaintiff was able to perform the essential duties of her position, either with no need for accommodation or with reasonable accommodation.

49.     The Defendants have engaged in unlawful employment practices in violation of the ADA, §§102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. §§12112(a), 12112(b)(1) and 12112(b)(5)(B), in addition to other sections.

50.     But for the Defendants' intent to discriminate against Plaintiff because of her status as a qualified person with a disability, Defendants would not have engaged in the conduct alleged in this complaint.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender and/or disability status;

b.) an order that the Defendants make whole the Plaintiff with appropriate promotional opportunities, the value of lost benefits, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for their malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.


## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.


Respectfully Submitted,
Kerry Chubbuck,
By Her Attorney,

Stephen T. Fanning #2900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

## CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☐ EEOC | 05EMD 063-50/34<br>16JA500017 |

Rhode Island Commission for Human Rights _____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| KERRY CHUBBUCK | 860-234-9313 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 329 PUTNAM ROAD | POMFRET, CONNECTICUT | 9/9/68 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Fidelity Investments | 50+ | 401-233-4133 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 100 Salem St. | Smithfield, RI 02917-1299 | Providence |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| FMR Corp. | 617-563-7000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 82 Devonshire Street | Boston, MA 02109 | Suffolk |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST                          LATEST

March 1, 2004

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I am a female. I have been employed by the above-referenced employer for approximately nine years. I currently hold the position of Senior Service Associate. At all times, my work performance has been satisfactory and has met or exceeded in all respects, the employer's legitimate expectations. Until the incidents giving rise to this charge, I had an unblemished performance record. During or about November 2003, I was assigned to work under a new male supervisor. Since during or about January 2004, this supervisor has treated me in a disparate fashion, primarily by subjecting me to unfair and unwarranted disciplinary action, as well as disparate and unfair scrutiny of my work activities, on the basis of my gender and because my employer regards me as having a physical impairment, in reference to my weight and because I suffer from an emotional condition characterized by anxiety. I have taken every possible step to resolve this matter through the internal remedial procedures, if any, made available by my employer. My efforts have been to no avail, and my employer has refused to take no effective remedial action. The above conduct violates the Americans with Disabilities Act, the Rhode Island Fair Employment Practices Act, and other state and federal laws.

OCT 27 2004

R.I.C.H.R.

BRIE FANNING
Notary Public of Rhode Island
My Commission Expires 8/13/2007

| ☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)<br>*Brie Fanning* |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT |
| *[signature]* 10/8/04<br>Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month and year)<br>*Brie Fanning* 10/8/04 |

EEOC FORM 5 (REV. 06/92)

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Kerry Chubbuck<br>329 Putnam Road<br>Pomfret, CT | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16J-2005-00017 | Rance A. O'Quinn,<br>Enforcement Supervisor | (617) 565-3192 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

JUL 1 5 2005

Robert L. Sanders,
Area Office Director

*(Date Mailed)*

Enclosure(s)

cc:    Unknown
F M R CORP.
82 Devonshire Street
Boston, MA 02109

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 05 EMD 063                    EEOC NO. 16JA500017

In the matter of

Kerry Chubbuck
    Complainant

Against                                        **NOTICE OF
                                               RIGHT TO SUE**

Fidelity Investments, FMR, Corp.
    Respondent

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

_6/29/05_

Date

Michael D. Évora
Executive Director

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF RIGHT TO SUE
## PAGE TWO

### Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the right to sue within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Stephen Fanning, Esq
Wendy Zazik, Esq.
Robert Bready, President
Joseph Lorusso, President
Stephen Bell, President

A-72