UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KERRY CHUBBUCK,<br>Plaintiff,<br><br>v.<br><br>FIDELITY INVESTMENTS INSTITUTIONAL<br>SERVICES COMPANY, INC. and<br>FMR CORPORATION,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-408 ML |

**ANSWER**

Defendants Fidelity Investments Institutional Services Company, Inc. and FMR Corporation (collectively "Defendants") respond to the allegations set forth in the Complaint as follows:

1. Defendants admit the allegations set forth in paragraph 1 of the Complaint.

2. Paragraph 2 sets forth conclusions of law to which no response is required.

3-4. Defendants admit the allegations set forth in paragraphs 3 and 4 of the Complaint.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Defendants admit the allegations set forth in paragraph 6 of the Complaint.

7. Defendants deny the allegations set forth in the first sentence of paragraph 7 of the Complaint, except admit the allegation that defendant Fidelity Investments Institutional Services Company ("FIIS") is a foreign corporation authorized to conduct business in Rhode Island, and admit the allegations set forth in the second sentence of paragraph 7.

8. Defendants deny the allegations set forth in paragraph 8 of the Complaint.

9-10. Defendants admit the allegations set forth in paragraphs 9 and 10 of the Complaint.

11. Defendants admit the allegations set forth in paragraph 11 of the Complaint as they apply to defendant FIIS, and deny them as to defendant FMR on the ground that FMR did not and does not employ plaintiff.

12. Defendants deny the allegations set forth in paragraph 12 that plaintiff qualifies as a person with a disability under 42 U.S.C. § 12112(A) but admits the remaining allegations of that paragraph.

13-14. Defendants deny the allegations set forth in paragraphs 13 and 14 of the Complaint.

15-17. Defendants admit the allegations set forth in paragraphs 15, 16 and 17 of the Complaint.

18. Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19. Defendants admit the allegations set forth in paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23. Defendants admit the allegations set forth in paragraph 23 of the Complaint.

24-29. Defendants deny the allegations set forth in paragraphs 24, 25, 26, 27, 28, and 29 of the Complaint.

30. Defendants repeat their responses to the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

31-34. Defendants deny the allegations set forth in paragraphs 31, 32, 33, and 34 of the Complaint.

35. Defendants repeat their responses to the allegations set forth in paragraphs 1 through 29 of the Complaint as if fully set forth herein.

36-40. Defendants deny the allegations set forth in paragraphs 36, 37, 38, 39 and 40 of the Complaint.

41. Defendants repeat their responses to the allegations set forth in paragraphs 1 through 29 of the Complaint as if fully set forth herein.

42-45. Defendants deny the allegations set forth in paragraphs 42, 43, 44, and 45 of the Complaint.

46. Defendants repeat their responses to the allegations set forth in paragraphs 1 through 29 of the Complaint as if fully set forth herein.

47-50. Defendants deny the allegations set forth in paragraphs 47, 48, 49 and 50 of the Complaint.

First Defense

The Complaint fails to state a claim upon which relief can be granted.

Second Defense

The Complaint fails to establish a prima facie case with respect to claims made based upon gender and disability discrimination, and retaliation.

Third Defense

Plaintiff's condition does not substantially limit one or more of her major life activities and, therefore, does not constitute a "disability."

Fourth Defense

Plaintiff is not a "qualified individual with a disability."

Fifth Defense

Plaintiff's claims are barred or limited to the extent they are based upon incidents occurring outside the applicable limitations periods.

Sixth Defense

Plaintiff's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any unlawful discrimination in the workplace, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendants or to avoid harm otherwise.

Seventh Defense

To the extent an unlawful employment practice is established, Defendants would have taken the same action in the absence of any unlawful motivating factor.

Eighth Defense

Defendant has not taken any adverse employment action against plaintiff.

Ninth Defense

Plaintiff cannot prove that the Company had any discriminatory animus or that there was a causal connection between her gender or her alleged disability and any action taken by defendant.

Tenth Defense

Defendants' actions were taken in good faith, in furtherance of legitimate business reasons, and were not discriminatory.

Eleventh Defense

Plaintiff has failed, and continues to fail, to mitigate her damages.

Twelfth Defense

Any unlawful discriminatory actions by plaintiff's managers were taken without knowledge that they were acting in violation of law and were contrary to Defendants' good-faith efforts to comply with the law.

DEFENDANTS,

FIDELITY INVESTMENTS INSTITUTIONAL SERVICES COMPANY, INC., and FMR CORPORATION,

By their attorneys,
HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.
Neal J. McNamara, Esq. (#4249)
Robert J. Crohan Jr., Esq. (#6516)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

Dated: October 24, 2005

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of October, 2005 a copy of the foregoing was mailed to:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903

Marilyn Konely

# 3308736_v1